JUSTICE COTTER
concurs and dissents.
¶43 I agree with the majority’s disposition of Issue One. I also agree that Rule 11 sanctions were appropriately awarded to Joyce, as her motion to amend the judgment under Rule 59(g), M.R.Civ.P., was timely filed. I dissent from the majority’s conclusion that a Rule 11 motion is not barred even if filed after entry of judgment and the passage of time allowed under Rule 59 for amendment of the judgment, and would therefore reverse the award of sanctions, entered in favor of the Bank.
*402 ¶44 While I agree that a district court has broad discretion when it comes to awarding sanctions under Rule 11,1 think it is a mistake to hold, as we have here, that the District Court has unlimited discretion to do so, and may impose such sanctions at any time, even if it has otherwise lost jurisdiction of the matter. In In re Custody of R.L.S. and T.L.S. (1983), 207 Mont. 199, 674 P.2d 1082, we held that a district court was without jurisdiction to enter an award of attorney fees for the first of two trials and the subsequent appeal, upon motion made by the mother a year after the first judgment was entered, notwithstanding the fact that there was statutory authority for the award of fees. We held that, since the first judgment did not provide for fees, it would have had to be amended to include fees before the opposing party could be ordered to pay them. We concluded that, since a timely motion to amend the judgment had not been filed, the district court lacked jurisdiction to later grant fees for the first trial and appeal upon the mother’s request. R.L.S. and T.L.S., ¶¶ 13-15.1 would apply the same rationale here, in the interests of finality. Since the Bank filed its request for sanctions after the deadline for amending the judgment had passed, I would deny it as untimely.
JUSTICE TRIEWEILER joins in the foregoing special concurrence and dissent.